[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks to vacate and the defendant to confirm a certain arbitration award.
The submission reads as follows:
Did the Board violate Article VII, Section C. 3 of the 1984-88 Contract in computing the amount of severance pay due to Laura Rycyna?
In contrast to many such submissions it does not contain a second paragraph to the effect of, "what shall the remedy be?"
The parties are in basic agreement as to the facts and other than the arbitrators' de minimus error in subtraction, the court has no factual problems.
The award is as follows:
AWARD
The Board is ordered to pay the Grievant's estate the additional $344.79 which would have been payed [sic] had the formula for computing severance pay included both part sick days and full sick days.
It is true that the submission does not ask what the remedy is to be but it is clear from the brief that plaintiff filed with the arbitrators on June 16, 1989 that plaintiff CT Page 3389 expected the arbitrators to do the necessary math to arrive at a specific dollar amount due the grievant. In the first sentence of its Argument in that brief the plaintiff says, "It is Union's position that the [plaintiff] erred in computing the severance pay due to the grievant when she retired."
Evidence was presented to the arbitrators about grievant actual severance pay; number of sick days; number of "part sick days"; used sick days; per diem rate, etc.
Plaintiff has failed to sustain its burden of proof.
Application to vacate is denied and application to confirm is granted.
N. O'NEILL, J.